And I see counsel is ready to proceed on the first case, United States v. Serna. Good morning, Your Honors. May it please the Court. My name is Quinn Denver, federal defender from Sacramento. I represent Mr. Serna. This case presents an issue, I think, of first impression, which is whether a conviction for possession of an unregistered assault weapon under California law is a crime of violence under the federal sentencing guidelines because it necessarily involves conduct that presents a serious risk of physical injury to another. And I think for the Court to resolve it, it must look to Section 12280 of the California Penal Code. That section is the section that makes possession of an unregistered assault weapon a crime. It is a wobbler. It can be either a felony or it can be a misdemeanor at the discretion of the prosecutor or the sentencing court. Now, if the firearm is, if the assault weapon is possessed prior to June of 1989 and is timely registered, then it's not a crime at all to possess it. If it's possessed prior to that date, not timely registered, a person is arrested, and then makes an untimely registration, it becomes an infraction. What were the facts here? Your Honor, the facts here I think are irrelevant because the Court cannot go under, it has to use this categorical approach of Taylor v. United States and look to the elements of the crime itself. Did the Court determine that it was a felony? This is what, there's definitely a felony, Your Honor. Yeah. But I'm saying that the question of whether this type of possession is inherently dangerous, the fact that it can be legal, an infraction, a misdemeanor, or a felony somewhat indicates that mere possession isn't enough. Can't look at the legislative intent? I think you can, but I don't think that that's determinative of whether it meets this definition of necessarily involving conduct that presents a serious risk of physical injury to another. And I think the Court below made that determination at the time that it found that it was either a felony or a misdemeanor. This was charged as a felony, Your Honor, and proceeded as a felony. And was found to be. It was. This particular one. But it need not be. Possession itself need not be. That was my point. It could be illegal, it could be legal, an infraction, a misdemeanor, or a felony. You know, I'm saying that no wobbler can ever be categorical. Is that what you're saying? I'm sorry, Your Honor. No California wobbler can ever result in a categorical finding. No, no. I think it may depend on the particular crime, but I think that's something that the Court can look at. And I think there's some other points you can look at. The fact that it's a wobbler isn't what changes it. I'm sorry, Your Honor? The fact that it's a wobbler isn't what makes it not violent. No, but I think it says something about how dangerous the mere possession of an assault weapon is. If it can be totally legal, if you had it for a long time, it can be an infraction, it can be a misdemeanor or a felony. It says something that this is not like a machine gun or something that would be illegal across the board in a felony. I think it says something about the nature of it. If California had such a thing about machine guns, then it would be okay. I mean, if it had such a rule about machine guns, then that, too, wouldn't be violent. It's a felony across the board, and I think a machine gun is inherently dangerous. Even if California made it a wobbler? I think you'd have to look at that, Your Honor, and make a determination. I don't think that the sentence that's available determines whether that is an inherently dangerous weapon, but it certainly is an indicator the Court can consider. Now, the other point is that the assault weapon is designed in two ways, by either make and model or by characteristics. It need not be loaded to support a conviction. It need not even be operable. I think that means there's a sort of shotgun. That's correct, Your Honor. And the silencer doesn't have to be on the weapon. That's correct. So those are the two big cases that you need to deal with, the assault, the shotgun, and the gun and haze and Huff Hines, the silencer case, right? Well, I think there's a couple points on that. First of all, both of those crimes requires a culpable mens rea of knowing that what you have is what it is. This particular crime, you can be convicted basically on just a simple negligence mens rea. What the Supreme Court said is, if the defendant reasonably should have known the characteristics of the weapon bringing it under the registration requirements of state law, that's sufficient. So that's one difference. The other difference is that Congress has taken certain weapons and has required that they be registered. And silencer is one of them. A shotgun is another one. Machine guns are. But assault weapon is not. Even when it was illegal under federal law. It's not even illegal under federal law to have an assault weapon this time. That seems to me to be some indicator that Congress understood there is a difference between assault weapons and these other inherently dangerous weapons. Well, when do we decide whether it was violent? It was illegal under federal law when he committed the crime. It was at that time. However, it didn't require registration. It was treated as one of these weapons that is illegal to possess, like a stolen firearm that traveled in interstate commerce, one with an obliterated serial mark that traveled in interstate commerce. But it was not listed among those inherently dangerous ones that Congress singled out for registration purposes. And I think that, again, is very critical. It also is very critical at this point, if this was such an inherently dangerous weapon, involved conduct that presents a serious risk of physical injury to the other, then why did Congress let this sunset? And so it's now legal under federal law to have this weapon. Because the state's rights people won. Politics. Well, politics is what it is. Statues are about politics. I mean, the whole reason that we even have the sentencing guidelines in these definitions is politics. You can't dismiss that. We're supposed to treat this as a considered judgment of Congress, and they let this lapse. And California does it too. California doesn't say this is so inherently dangerous you can't have it at all. They say, hey, if you had one before, it's okay if you register it. Hey, if you had one before and you forget to register it but you do it a little later, we'll treat it as an infraction. This is not treated like hand grenades or pipe bombs or silencers or sawed-off shotguns and machine guns. It's a different kind of weapon. You mentioned the guidelines. They're no longer mandatory. Why shouldn't we just send this back and let the district judge make a determination? He or she can look at the guidelines but also look at 3553A and move on. Well, Your Honor, my understanding is that one of the things that a sentencing court must look at under the Booker decision is the guidelines. So they have to make an application of the guidelines. And if they make an erroneous application of the guidelines, that will affect the sentence. Why can't the judge just determine that the guidelines don't apply to the facts of this particular case? Well, they could, but they first have to determine whether this is even a crime of violence that triggers the guidelines. That changes the whole thing. Based on these particular facts, though, you can't find otherwise. I mean, because the state court has made a determination, hasn't it? All the state courts did, Your Honor, was let it proceed as a felony. And the court cannot, under the categorical approach, deciding a question of law, look to the facts of this particular case. It has to look to the nature, to the elements of this crime and determine whether they meet the guideline definition of a crime of violence. And I suggest that they do not. And it's very ‑‑ I think Judge Kaczynski is right. You have to look at those other cases. But what we have tried to suggest is there's a very big difference. I mean, now, there's something incongruous for this court to say that this possession, just mere possession now, it doesn't have to be carrying, using, brandishing, discharging. It doesn't have to be any of that. It can be constructive possession. It can be transitory possession. It can be possession for a benign purpose to turn it in. Just mere possession of this weapon necessarily involves conduct that presents a serious risk of physical injury to the other. Nevertheless, the federal law allows you to have it, and state law allows you to have it in many situations, and other situations treats it as a minor crime. That seems to me to be there's something there that doesn't seem to make sense. And I think what I would like to do is reserve the rest of my time. Thank you. Thank you. We'll hear from the government. Good morning, Your Honors. Jason Hitt, representing the United States. I just wanted to make a few brief points and then reserve any time for questions, if I may. To respond to the defendant's argument, first point out that the issue here is not Congress's treatment of assault weapons and its substantive liability provisions. Instead, the issue on appeal is the Sentencing Commission's definition of crime of violence and whether the defendant's prior felony conviction under state law falls within Section 4B.1.2. In 4B.1.2, what I would refer to as the otherwise clause is an expansive definition, and I think that 1.2.2.8.0, the penal code section. When you say expansive, what do you mean? It sounds to me more like it's a restrictive definition. It talks about extreme danger. The more words you add, the more restrictive you make it. Your Honor, I don't see where it's so expansive. What do you see? I mean, there are a lot of words there. But they all seem to say, look, this has to be something really dangerous. Correct, Your Honor. Perhaps I used the wrong word in saying expansive. What I meant is that the definition of otherwise has an umbrella that our penal code section 1.2.2.8.0 falls within, and it's expansive enough in the sense that it says otherwise involves conduct that presents. It looks like a very shallow umbrella, very narrow umbrella. I wouldn't want to go out on a hurricane. Your Honor, I think that. Why is this, I mean, the definition? I mean, it talks about, it seems to be quite specific in saying not necessarily ordinary danger. A car sounds more dangerous. Yes, Your Honor. I mean, a car sounds like it might fit under the definition of, as you would read it. You know, people get killed with cars all the time. You have a car. You point it at somebody. You point it at a building. You can plow through it, get into people's living rooms or bedrooms. You know, I don't know. Hasn't the California Supreme Court decided this issue? Your Honor, I think that the California Supreme Court has given some guidance as to what the statute prohibits and what the purpose is. What do you mean just some guidance? Don't we have to accept what they've said? I think it's persuasive. I don't think that the California Supreme Court would be binding on this Court's interpretation of the statute as a matter of first impression in terms of whether it falls. A California statute? Your Honor, I would be persuasive. But for purposes of interpreting whether it falls within the federal guidelines as a crime of violence, I think this Court is guided by the Supreme Court but has to make its own determination. And to answer Judge Kuczynski's inquiry, what I'm talking about and why I think that 1220 12280 falls within the definition is that the statute is specifically limited to firearms that have a high rate of fire, high capacity for firepower, and that sporting use was substantially outweighed by danger to kill and injure. And I think that is the nexus with the statute. Well, that certainly shows that these things can be used in a dangerous way. But why are they inherently dangerous? Read again the definition that we're dealing with, the sentencing guidelines definition. The guideline definition, Your Honor, is otherwise involves conduct that presents a serious potential risk of physical injury to another. And that includes possession of this particular weapon? Yes, Your Honor. In the argument by the government here. Not if it's not loaded. I'm sorry? Not if it's not loaded. I mean, if it's not loaded, you can hit somebody with a head with it. Well, Your Honor, the point is that each firearm listed in the statute, including the one the defendant possessed in this case, is supported by a legislative finding, specifically finding that each gun has been found by the California legislature, and that's included in the appendix in 12275.5, that each firearm has been determined by the legislature to have a high rate of fire, high capacity for firepower, and it's outweighed. And therefore, whether loaded or not, the mere possession of those firearms is determined to be a danger and a threat to the public at large. And I think in terms of the, to answer the limitation question, where does it end? Would it apply to a vehicle? The question presented on this case is not something sort of far-flung or too broad. The statute of conviction under Taylor must be narrowly tailored to those falling within the sentencing guideline definition. And in this case, I think the crime of violence definition is a nice fit with the statute that California has passed and is consistent with this circuit's precedent in Dunn, Huffines, and Hayes. And on that, I would submit and ask for any questions that the Court may have. Okay. Thank you. Thank you. Mr. Dunbar? I would submit, Your Honor, unless the Court has some particular questions. Thank you. Thank you. Mr. Talia, we'll stand submitted.
judges: Kozinski, Fernandez, Hatter